UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES OLDHAM, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §   CIVIL ACTION NO. 4:12-cv-2432 |
| | § |
| THOMPSON/CENTER ARMS CO., INC., | § |
| | § |
| *Defendant*. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Thompson/Center Arms Company, Incorporated's ("Thompson/Center") Amended Bill of Costs. (Doc. Nos. 137.) Thompson/Center's Amended Bill of Costs followed a trial in this case in which the jury returned a verdict for the Defendant. *See* Doc. No. 133. Thompson/Center seeks to recover costs totaling $26,415.53. Plaintiff James Oldham objects to several of the costs claimed by Thompson/Center. Based on the parties' arguments, the evidence submitted, and the applicable law, the Court sustains the objections in part, overrules them in part, and awards Thompson/Center costs in the amount of $21,635.94.

### I. LEGAL STANDARD

Courts may award costs to prevailing parties under Federal Rule of Civil Procedure 54(d). Indeed, "[t]here is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs." *Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 586 (5th Cir. 2006). Pursuant to 28 U.S.C. § 1920, a judge or clerk of court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

1

    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. There are restrictions, however, on the costs that a prevailing party may recover under Rule 54(d). The Supreme Court has determined that where

> there is no basis for an award of attorney's fees: 1) absent explicit statutory or contractual authorization to the contrary, courts may not tax items other than those listed in 28 U.S.C. § 1920 as costs against the losing party; 2) Federal Rule of Civil Procedure 54(d) allows trial courts to refuse to tax costs otherwise allowable, but it does not give them the power to tax items not elsewhere enumerated; and 3) insofar as there are statutory limits to the amounts that may be taxed as costs, Rule 54(d) does not empower courts to exceed those limits.

*West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1236 (5th Cir. 1988) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43, 107 S. Ct. 2494, 2497-98, 96 L. Ed. 2d 385 (1987)); *see Cook Children's Med. Ctr. v. New Eng. PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) ("[A]bsent explicit statutory or contractual authorization to the contrary," a court may decline to award the statutorily enumerated costs but cannot award costs excluded from that list.).

    A party seeking costs must affirm that "the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed." *A & J Elec. Cable Corp. v. Emerson Network Power, Inc.*, No. H-10-2361, 2013 WL 1290938, at *1 (S.D. Tex. Mar. 26, 2013) (citing 28 U.S.C. § 1924). "Without specific objections, [a party's claimed] costs are presumed valid." *Id.* at *2 (citing *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997)). "In the Fifth Circuit, the preferred exercise of a district court's discretion in awarding costs is 'to exclude from an award of costs those items not specifically mentioned in the

2

statute.'" *Roussel v. Brinker Int'l, Inc.*, No. H-05-3733, 2010 WL 1881898, at *13 (S.D. Tex. Jan. 13, 2010) (quoting *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977)).

**II.    DISCUSSION**

Thompson/Center's Amended Bill of Costs seeks $350.00 in Clerk fees; $626.00 in service and subpoena fees; $12,909.36 in fees for transcripts; $6,950.38 in witness fees; and $5,579.79 in exemplification and photocopying fees, for a total of $26,415.53.[1] Doc. No. 137. In support of its Amended Bill of Costs, Thompson/Center attaches an affidavit from Anthony Pisciotti, counsel for Thompson/Center. As required, Mr. Pisciotti affirms that the costs claimed are accurate, and that "[t]he amounts and descriptions set forth in the Cost Chart are for services for which fees/costs have been charged that were actually and necessarily performed. All of these items were necessary for the defense of this litigation and were not done simply for the convenience of the party or its counsel." Aff. of Anthony M. Pisciotti ¶ 10 ("Pisciotti Affidavit"; Doc. No. 137-1). Mr. Oldham objects that each of the costs discussed below are not taxable under 28 U.S.C. § 1920 (with the exception of certain photocopying costs – Mr. Oldham's objections to those claimed costs are described in more detail below). The Court will take up each objection in turn.

First, Thompson/Center seeks $450.00 for "color copies of photographs of the incident rifle in Houston, Texas." Chronological List of Costs and Fees, Ex. A, Pisciotti Aff. ("Cost

---

[1] There is no dispute that Thompson/Center is the prevailing party in this case. Thompson/Center previously filed a Motion for Bill of Costs, to which its original Bill of Costs was attached. Doc. Nos. 134, 134-4. That motion was fully briefed. Thereafter, Thompson/Center filed this Amended Bill of Costs and a motion seeking a final judgment. Doc. Nos. 136, 137. In his Response to Defendant's Motion for Entry of Final Judgment, Mr. Oldham lists his general objections to Thompson/Center's claimed costs, and incorporates by reference his earlier Response and objections to Thompson/Center's original Bill of Costs. *See* Doc. Nos. 138, 135. Accordingly, what follows discusses Mr. Oldham's objections as they appear in both Responses, and in relation to Thompson/Center's Amended Bill of Costs only.

Chart"; Doc. No. 137-2). As an initial matter, the Court notes that Thompson/Center describes the cost in question as "color copies of photographs," *id.*, but the receipt it attached to its Amended Bill of Costs is an invoice for two-and-one-quarter hours of "Professional Services" at the rate of $200 per hour. The invoice describes those "Professional Services" as "[p]hotography of one T/C ICON rifle at the offices of Lapin & Landa in Houston, TX." Invoice from Anastas Technical Services to Pisciotti, Malsch & Buckley P.C., June 12, 2012, Ex. F, Pisciotti Aff. (Doc. No. 137-7). In the Fifth Circuit, expenses for the production of various types of non-testimonial evidence, including photographs, may be taxable as costs, but only if the prevailing party obtained court approval before incurring the expense. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 986 (S.D. Tex. 2011). Here, there was no such approval. Thus, the Court sustains Mr. Oldham's objection and denies the requested amount.

Second, Mr. Oldham challenges Thompson/Center's claimed photocopying costs. *See* Fees and Disbursements for Printing and for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case, Ex. F, Pisciotti Aff. ("Printing and Photocopying Spreadsheet"; Doc. No. 137-7). Mr. Oldham cites *U.S. ex rel. Evergreen Pipeline Construction Co., Inc. v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) for the proposition that, where a requesting party "does not identify why the copying was necessary for the case," courts should deny or reduce the claimed costs. Pl.'s Resp. Def.'s Mot. Entry Final J. at 2 (Doc. No. 138) (emphasis removed). Mr. Oldham also argues that costs for multiple copies are not recoverable either, citing *Francisco v. Verizon South, Inc.*, 272 F.R.D. 436, 445 (E.D. Va. 2011) and *Haroco, Inc. v. American National Bank & Trust Co. of*

4

*Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). Thompson/Center responds that Fifth Circuit law does not require it to identify every single photocopy it makes, citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

The Court believes that Mr. Oldham has the better argument. While it is true that a party seeking to recover photocopying costs need not itemize, or describe with absolute specificity each and every page copied, it is also true that the Fifth Circuit requires more than a simple blanket assertion of photocopying costs, which was the court's conclusion in *Fogelman*. The moving party must produce enough documentation in order to show that the copies were necessary for litigating the case. *See* 28 U.S.C. § 1920(4); *Fogelman*, 920 F.2d at 286 ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation."); *A&J Elec. Cable Corp.*, 2013 WL 1290938, at *3; *Roussel*, 2010 WL 1881898, at *12; *Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009) (denying requested photocopying costs where movant provided only a spreadsheet showing the number of photocopies made on each date but no other description of what was copied or why, and explaining that "some information of the types or categories of documents copied and the reason for the copies must be furnished.").

Thompson/Center submitted some receipts for photocopying, but, by and large, its claimed photocopying costs are itemized on a spreadsheet attached to Mr. Pisciotti's Affidavit. *See* Printing and Photocopying Spreadsheet. Several of the entries on this spreadsheet identify the reason for the photocopies, but many do not. The Court will not allow the unexplained costs. In total, Thompson/Center seeks $5,579.79 in photocopying costs. For the above reasons, the

5

Court sustains Mr. Oldham's objection and will subtract $1,760.45 for the photocopying costs claimed but not described.

Third, Thompson/Center seeks to recover $626.00 for the preparation and service of subpoenas. *See* Fees for Service of Subpoenas, Ex. C, Pisciotti Aff. (Doc. No. 137-4). In support of its request, Thompson/Center cites *Mann v. Heckler & Kock Def., Inc.*, No. 1:08cv611, 2011 WL 1599580, at *3 (E.D. Va. April 28, 2011) ("[A] clear majority of circuit courts recognize private process server fees [as] taxable against the non-prevailing party."). However, "[i]n this circuit, 'absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920.'" *Baisden*, 793 F. Supp. 2d at 974-75 (citing *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010)); *see A & J Elec. Cable Corp.*, 2013 WL 1290938, at *2; *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010) ("[B]ecause there was nothing exceptional about the parties or the nature of this case, the Court finds the private process server fees are not properly taxable as costs."). Thompson/Center attaches receipts from private process servers, but has not provided any argument or evidence of exceptional circumstances requiring the use of private process servers in this case. *See* Ex. C, Pisciotti Aff. (Doc. No. 137-4). Thus, the Court finds that Thompson/Center did not satisfy its burden under reigning Fifth Circuit precedent and sustains Mr. Oldham's objection. Thompson/Center's request is denied.

Fourth, Thompson/Center seeks $515.83 for what it describes as "[p]hotocopies of Plaintiff's medical records." Printing and Photocopying Spreadsheet (Doc. No. 137-7). Arguing that these costs are, in fact, costs for subpoenas *duces tecum*, Mr. Oldham objects that recovery of these costs is not permitted under 28 U.S.C. § 1920. The relevant invoices, pertaining to records from Texas Ear, Nose & Throat Specialists and Dr. Raja Abusharr, reveal that only a

small portion of the invoiced fees are attributable to the actual photocopying of medical records: $45.10. *See* Invoices from U.S. Legal Support, Inc., Jan. 24, 2013 and April 29, 2013, Ex. F, Pisciotti Aff. (Doc. No. 137-7). The remainder of the invoiced amounts includes fees for an additional copy for counsel, for delivery, and for other unexplained services, including "CUSTODIAN FEE," "BASE SUBPOENA," "CERTIFICATION FILING FEE," and "WITNESS FEE." *Id.* Costs of additional counsel copies are not allowable under Section 1920, and neither are delivery fees. *See Fogleman*, 920 F.2d at 286 ("Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other."); *Jones v. White*, No. H-03-2286, 2007 WL 2427976, at *10 (S.D. Tex. Aug. 22, 2007); *Wright v. Blythe-Nelson*, No. 3:99CV2522, 2004 WL 2870082, at *10 (N.D. Tex. Dec. 13, 2004) (disallowing a "claim for long distance charges, courier fees, facsimile charges, legal research and postage because these types of costs are not recoverable under § 1920."). These other fees are not enumerated in Section 1920, and Thompson/Center provides no explanation or authority for why they are allowable.[2] Accordingly, the Court sustains Mr. Oldham's objection and awards only $45.10, the cost of photocopying the medical records.

Fifth, Thompson/Center seeks $280.91 for "[p]hotocopying charges for results of verdict research on hearing loss injuries." Printing and Photocopying Spreadsheet (Doc. No. 137-7). Mr. Oldham objects that this masks what is actually legal research, which, he contends, is not recoverable under 28 U.S.C. § 1920, as it is properly considered as a component of attorney's fees, citing *Haroco Inc.*, 38 F.3d at 1440-41. In the Fifth Circuit, the law is clear that costs

---

[2] Section 1920 does allow for certain costs related to witnesses, but it is unclear here who the witness is, or what the fee is for. Accordingly, the Court finds the invoice's unexplained assertion of $48.00 for a "WITNESS FEE" insufficient to support including it in the award of costs. *See* Invoice from U.S. Legal Support to Anthony M. Pisciotti, April 29, 2013, Ex. F, Pisciotti Aff. (Doc. No. 137-7).

7

associated with "documents prepared for the convenience, preparation, research, or records of counsel . . . are not allowable" under Section 1920. *See Herkner v. Argo-Tech Corp. Costa Mesa*, No. H-06-2491, 2008 WL 2838115, at *5 (S.D. Tex. July 21, 2008); *Baker v. Washington Mut. Fin. Grp., LLC*, No. 1:04cv137, 2007 WL 571103, at *17 (S.D. Miss. Feb. 20, 2007). The relevant invoice, from a company named VerdictSearch, itemizes the $280.91 total as follows: $247.50 for a "Regular Search"; $12.00 for "Fax/E-Mail Service"; and $21.41 in sales tax. Invoice from VerdictSearch to Tekell, Book, Allen & Morris, July 18, 2013, Ex. F, Pisciotti Aff. (Doc. No. 137-7). Based on this invoice, the Court can only conclude that Mr. Oldham is correct – this item is for legal research and not photocopying. In addition, as explained above, the delivery charge ("Fax/E-mail Service") is not taxable either. Accordingly, the Court sustains Mr. Oldham's objection and denies the requested amount.

Sixth, Thompson/Center seeks $1,182.50 in costs related to videotape depositions, including video editing and videotape-transcript synchronization services, to which Mr. Oldham objects.[3] *See* Ex. D, Pisciotti Aff. (Doc. No. 137-5). Thompson/Center correctly cites *S&D*

---

[3] In his Response to Defendant's Motion for Entry of Judgment of Costs (Doc. No. 135), Mr. Oldham also objects to two other deposition-related figures. Both are listed as costs of his deposition; he argues that he was only deposed once. That Response was based on Thompson/Center's original Bill of Costs (Doc. No. 134). In its Amended Bill of Costs, Thompson/Center identifies the two amounts: one is for the deposition transcript, and the other is for the videotape of the deposition. *See* Fees for Printed and Electronically Recorded Trs. Necessarily Obtained for Use in the Case, Ex. D, Pisciotti Aff. ("Transcripts Spreadsheet"; Doc. No. 137-5).Thompson/Center correctly cites *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450-52 (5th Cir. 2009) for the proposition that the Fifth Circuit recognizes costs for videotapes of depositions. *See* 28 U.S.C. § 1920(2) (allowing recovery of costs for "electronically recorded" transcripts). Consequently, because both amounts are taxable under Section 1920, the $1,182.50 figure discussed above does not include either of these amounts. It does include the other figures to which Mr. Oldham objected: the video-transcript synchronization of the Jay Kucera deposition ($542.50), the editing of the Jay Kucera deposition ($252.50), and the editing of the Roland Eldridge deposition ($387.50). *See* Invoices from Fox Reporting to Kenneth Tekell, Jr., Aug. 8, 2013, Jan. 6, 2014, and Jan. 7, 2014, Ex. D, Pisciotti Aff. (Doc. No. 137-5).

*Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450-52 (5th Cir. 2009) for the proposition that the Fifth Circuit recognizes costs for videotapes of depositions. It also correctly cites *Fogelman* for the proposition that deposition costs can be recovered if counsel reasonably could have expected to use the deposition for trial preparation rather than discovery. *See* 920 F.2d at 285. Finally, Thompson/Center cites *Copper Liquor v. Adolph Coors Co.* for the proposition that deposition costs should be allowed when the deposition is shown to have been reasonably necessary in light of the facts known to counsel at the time, regardless of whether the deposition was ultimately used at trial. 684 F.2d 1087, 1099 (5th Cir. 1982), *modified on other grounds en banc*, 701 F.2d 542 (5th Cir. 1983), *overruled on other grounds by Int'l Woodworkers of Am., AFL-CIO & its Local No. 5-376 v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986), *and J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986). These cases do not address Mr. Oldham's objection, however. Costs associated with video editing and synchronization are not specifically enumerated in Section 1920, and Thompson/Center has provided no authority or argument for why they should be allowed. Consequently, the Court sustains Mr. Oldham's objection and will subtract from the award of costs $1,182.50, the amount to which Mr. Oldham objects.

Seventh, Thompson/Center seeks $462.75 for the production of hearing transcripts. *See* Transcripts Spreadsheet. Because Section 1920(2) allows costs related to "transcripts necessarily obtained for use in the case," without specifying the kind of transcripts, costs associated with transcripts of motion hearings are allowable. *Crevier-Gerukos v. Eisai, Inc.*, No. H-11-0434, 2014 WL 108730, at *1 (S.D. Tex. Jan. 9, 2014). In order for such costs to be taxed in the Fifth Circuit, however, a court must determine that the transcripts "were not obtained primarily for the convenience of the parties but were necessarily obtained for use in th[e] case."

9

*Studiengesellschaft Kohle mbH*, 713 F.2d at 133. As with photocopies, moving parties have the burden of establishing necessity. *See Fogleman*, 920 F.2d at 286. Mr. Pisciotti, in his sworn affidavit, states that Thompson/Center seeks costs for transcripts of two hearings only. In those hearings, the parties and the Court discussed Thompson/Center's *Daubert* motion, its motion to strike Rule 26 disclosures, and its motion to strike as untimely Mr. Oldham's expert's supplemental report. Pisciotti Aff. ¶ 7. Mr. Pisciotti explains that "[t]hese transcripts were necessarily obtained for use in the case as they assisted the defense attorneys in preparing for trial and assessing potential motions *in limine* to file." *Id.* The Court finds this explanation sufficient to carry Thompson/Center's burden. Mr. Oldham's objection is overruled.

Finally, Thompson/Center seeks $9.00 for delivery services. *See* Cost Chart. As the Court has already explained, delivery services are not enumerated in Section 1920, and, therefore, they are not taxable. Accordingly, the Court sustains Mr. Oldham's objection and denies the requested amount.

### III. CONCLUSION

For the above reasons, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Mr. Oldham's objections to Thompson/Center's Amended Bill of Costs. The Court **AWARDS** Thompson/Center costs of $21,635.94.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the fifth day of May, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE